J-S41010-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUNIUS MAURICE FORD | : | |
| | : | |
| Appellant | : | No. 723 MDA 2020 |

Appeal from the PCRA Order Entered May 5, 2020,
in the Court of Common Pleas of Dauphin County,
Criminal Division at No(s):  CP-22-CR-0005172-2007.

BEFORE:   KUNSELMAN, J., McLAUGHLIN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                **FILED NOVEMBER 25, 2020**

Junius Maurice Ford appeals *pro se* from the order denying his most recent petition for relief filed pursuant to the Post Conviction Relief Act.  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The PCRA court summarized the pertinent facts and procedural history as follows:  On or about May 19, 2008, the trial court found Ford guilty of robbery.  Because this conviction constituted Ford's "third strike," that same day the trial court sentenced him to 25 to 50 years of incarceration pursuant to 42 Pa.C.S.A. Section 9714(a)(2).  Following the filing of a PCRA petition, Ford's direct appeal rights were reinstated *nunc pro tunc*.  Contemporaneously with Ford's timely-filed appeal, appellate counsel filed a motion to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967).  In an unpublished

_____

[*] Retired Senior Judge assigned to the Superior Court.

memorandum filed on October 5, 2009, a panel majority of this Court granted counsel leave to withdraw and affirmed Ford's judgment of sentence. **See Commonwealth v. Ford**, 987 A.2d 813 (Pa. Super. 2009). The dissenting panel member opined that there was "a legitimate question as to whether [Ford's] actions warranted a first-degree felony conviction, and therefore whether [Ford] should have been subject to a 'third strike' sentence." **Id.** Ford did not seek further review.

Ford filed a timely PCRA petition and the PCRA court appointed counsel. Following an evidentiary hearing, the PCRA court denied relief. PCRA counsel filed an appeal that this Court quashed as untimely. Thereafter, Ford filed a *pro se* petition for allowance of appeal to the Pennsylvania Supreme Court in which he asserted that PCRA counsel was ineffective for failing to file a timely appeal. Our Supreme Court remanded the matter, and ultimately new counsel was granted leave to file a *nunc pro tunc* PCRA appeal. In a published opinion filed on May 8, 2012, we rejected Ford's claims and affirmed the PCRA court's denial of relief. **Commonwealth v. Ford**, 44 A.3d 1190 (Pa. Super. 2012).

Ford filed another PCRA petition on November 13, 2012. On November 29, 2012, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Ford's petition as untimely. Ford did not file a response. By order entered on December 20, 2012, the PCRA court dismissed the petition. Ford did not file an appeal.

Ford filed the PCRA petition at issue, his third, on March 9, 2020. On March 24, 2020, the PCRA court issued Rule 907 notice of its intent to dismiss this

petition as untimely. Ford filed a response. By order entered May 4, 2020, the PCRA court denied Ford's petition as untimely. This appeal followed. Both Ford and the PCRA court have complied with Pa.R.A.P. 1925.

Ford now presents the following issues:

1. Did the [PCRA court] err when dismissing [Ford's] PCRA petition as untimely when [Ford] noted the required exception to [the] statutory limitation in [his] response pursuant to 42 Pa.C.S. § 9545(b)(1)(ii) and [Ford] was presenting a challenge to the legality of [the] sentence imposed?

2. Was [Ford's] mandatory minimum sentence under 42 Pa.C.S.A. § 9714 legally imposed when such third-strike sentence used prior convictions over 15 years old and effectively stale?

Ford's Brief at 6 (excessive capitalization and emphasis omitted).

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

Before addressing the merit of Ford's issues, we must first determine whether the PCRA court correctly determined that Ford's most recent petition was untimely filed.

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment

is final unless the petition alleges, and the petitioner proves, that an exception to the time limitation for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met.[1]  A PCRA petition invoking one of these statutory exceptions must be filed within one year of the date the claims could have been presented. 42 Pa.C.S.A. § 9545(b)(2).  Asserted exceptions to the time restrictions for a PCRA petition must be included in the petition, and may not be raised for the first time on appeal.  ***Commonwealth v. Furgess***, 149 A.3d 90 (Pa. Super. 2016).

Here, this Court affirmed Ford's judgment of sentence on October 5, 2009, and Ford did not seek further review.  For PCRA timeliness purposes, Ford's judgment of sentence became final thirty days thereafter, or on November 4, 2009.  ***See*** 42 Pa.C.S.A. § 9545(b)(3).  Thus, in order to be

---

[1] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

timely, Ford had to file his PCRA petition by November 4, 2010. Because Ford filed the petition at issue almost a decade later, it is patently untimely, unless Ford has satisfied his burden of pleading and proving that one of the enumerated exceptions applies.

Ford has failed to plead and prove an exception to the PCRA's time bar. In his petition and brief, Ford first suggests that we can consider the substantive issue he raised in his petition because, despite its untimeliness, he is challenging the legality of sentence. We disagree.

As long as this Court has jurisdiction over the matter, a legality of sentencing issue is reviewable and cannot be waived. *Commonwealth v. Jones*, 932 A.2d 179, 182 (Pa. Super. 2007). However, a legality of sentencing issue must be raised in a timely filed PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) (explaining that, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must first satisfy the PCRA's time limits or one of the exceptions thereto"). Stated differently, a petitioner must present an illegal sentencing claim in a timely PCRA petition, otherwise we do not have jurisdiction. *See Fahy*, 737 A.2d at 223; *Commonwealth v. Miller*, 102 A.3d 988, 995-96 (Pa. Super. 2014).

In his petition and brief, Ford also claims that he satisfied the newly-discovered facts exception under Section 9545(b)(1)(ii) "due to the numerous cases in which the SCOTUS and the Supreme Court of this Commonwealth have determined that the application of mandatory minimum sentences

without the facts being fully determined are not consistent with constitutional provisions of liberty." Ford's Brief at 14. This claim fails for several reasons.

Initially, because Ford has failed to cite any relevant case law in his brief to support this claim, it is undeveloped. *See Commonwealth v. Tielsch*, 934 A.2d 81, 93 (Pa. Super. 2007) (holding that undeveloped claims will not be considered on appeal). Moreover, judicial decisions are not newly-discovered facts within the exception to the PCRA's time bar based upon newly-discovered facts. *Commonwealth v. Cintora*, 69 A.3d 759, 763 (Pa. Super. 2013). Finally, "this Court has specifically found that Section 9714 is not unconstitutional under [*Alleyne v. United States*, 133 S.Ct. 2151 (2013),] as it provides for mandatory minimum sentences based on prior convictions." *Commonwealth v. Bragg*, 133 A.3d 328, 333 (Pa. Super. 2016) (citation omitted).

In sum, because Ford's latest PCRA petition is patently untimely, and he cannot avail himself of any of the PCRA's time-bar exceptions, the PCRA court correctly determined that it lacked jurisdiction to address Ford's substantive claims. We therefore affirm its order denying Ford post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/25/2020